# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MARENNA, | : |
| Petitioner, | : |
| | : PRISONER CASE |
| v. | : No. 3:10cv675 (MRK) |
| DANNEL P. MALLOY,[1] | : |
| Respondent. | : |

# RULING AND ORDER

On May 3, 2010, the Court received Thomas Marenna's *pro se* Petition for a Writ of Habeas Corpus [doc. # 2] pursuant to 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). Mr. Marenna filed an Amended Petition for a Writ of Habeas Corpus [doc. # 9] on June 16, 2010. Mr. Marenna is currently being held at the Garner Correctional Institution in Newtown, CT. Mr. Marenna has not been charged with or convicted of a crime in the State of Connecticut. Instead, he is being held under a warrant seeking his extradition from Connecticut to Pennsylvania to face criminal charges in that Commonwealth. Mr. Marenna alleges here that the extradition warrant is invalid as a matter of federal law, and that he is therefore being held in violation of federal law. *See, e.g.*, *Strachan v. Colon*, 941 F.2d 128, 129 (2d Cir. 1991).

---

[1] When Mr. Marenna filed his original Petition and Amended Petition, he named Jodi Rell – at that time the Governor of Connecticut – as Respondent. However, on January 5, 2011, Dannel P. Malloy succeeded Jodi Rell in that office. **The Clerk is directed to terminate Jodi Rell as Respondent, add Dannel P. Malloy as Respondent, and amend the caption accordingly.**

On September 17, 2010, Respondent filed a Motion to Dismiss [doc. # 18] Mr. Marenna's Amended Petition. In support of the Motion to Dismiss, Respondent urges the Court to dismiss Mr. Marenna's Amended Petition without prejudice for failure to exhaust available state court remedies, or alternatively, to dismiss his Amended Petition on the merits with prejudice. For the reasons set forth below, Respondent's Motion to Dismiss is GRANTED [doc. # 18] and Mr. Marenna's Amended Petition is DISMISSED [doc. # 9] without prejudice.

**I.**

The Court assumes the parties' familiarity with the facts of this case, and therefore sets forth only those facts that are necessary for purposes of resolving the pending Motion to Dismiss. There do not appear to be any significant disputes regarding the underlying facts, but to the extent that any facts are in dispute, the Court assumes the truth of Mr. Marenna's allegations.

On April 17, 2009, officers of the North Haven, Connecticut Police Department arrested Mr. Marenna in connection with a warrant seeking his extradition to Pennsylvania to face criminal charges in that Commonwealth. Specifically, Mr. Marenna was charged in Pennsylvania with threats and other improper influence; harassment; and terroristic threats. All of those criminal charges were based on allegations that Mr. Marenna sent threatening letters to the mayor, the borough solicitor, and a police officer of the borough of Braddock Hills, Pennsylvania after a December 5, 2007 incident. One of the letters, which Mr. Marenna allegedly sent to the borough solicitor, stated:

> You can pay me now with six million dollars and the removal of all of the people who were involved in the December 5 attack from public service, or you can pay with your life and the lives of every man or woman who was involved in or is responsible for your malicious and brutal and unreasonable assault . . . . If I am forced to prosecute this case I expect you will be shot to death alongside of Mark Vogel, Anthony Taylor, *et al*, by a firing squad after a trial by military tribunal. I am giving you a chance to resolve this matter administratively.

App. B. to Resp't's Mot. to Dismiss [doc. # 18-1] at 22.[2]

After his arrest in Connecticut, Mr. Marenna filed a petition for a writ habeas corpus in the Connecticut Superior Court. *See Marenna v. Rell*, No. CV090000580S, 2010 WL 2365311, at *1 (Conn. Super. Apr. 14, 2010). Although the Superior Court advised Mr. Marenna that he was entitled to have the assistance of appointed counsel, Mr. Marenna declined to accept any court-appointed counsel. *See id*. Mr. Marenna argued in support of his petition that he was not the Thomas Marenna sought by Pennsylvania, and that he could not be lawfully extradited because he was not present in Pennsylvania when he committed the alleged crime and was not a fugitive from justice. The Superior Court held a hearing in Mr. Marenna's case on April 13, 2010, and on April 14, 2010, it issued a written opinion denying Mr. Marenna's petition on the merits and rejecting both of Mr. Marenna's arguments. *See id.* On the basis of testimony and evidence from Connecticut State Police Detective Jeff Correia, it determined that Mr. Marenna was indeed the person sought by Pennsylvania. *See id.* at *2. It also determined that even if Mr. Marenna was not present in Pennsylvania when he committed the acts alleged, and even if he was not a fugitive from justice, a Connecticut statute still authorized his extradition. *See id.*; *see also* Conn. Gen. Stat. § 52-162 ("The Government of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state . . . with committing an act in this state . . . intentionally resulting in a crime in the state whose executive authority is make the demand . . . *even though the accused was not in that state at the time of the commission of the crime and has not fled therefrom.*" (emphasis added)). Mr. Marenna did not appeal from that decision, which rested solely on state law grounds.

---

[2] The Court expresses no opinion whatsoever regarding the truth of the allegations against Mr. Marenna. Nor does the Court express any views regarding whether, assuming Mr. Marenna actually committed those acts, his conduct would violate any Pennsylvania criminal statute.

Mr. Marenna filed his original Petition in this Court on May 3, 2010, just nineteen days after the Superior Court dismissed his state habeas petition. He filed his Amended Petition in this Court on June 16, 2010. The issues Mr. Marenna purports to raise before this Court are: "authority for the extradition arrest; finding of probable cause prior to arrest; the Fourth, Fifth, Sixth, and Fourteenth Amendments; contracts between states; the authority of the state courts in extradition cases; constitutionality of state statutes; conflicts between State and Federal law; separation of powers; the Administrative Procedure Act of 1946; and, the standing and capacity of the State" – all of which, he asserts, "are federal constitutional issues." Am. Pet. [doc. # 9] at 2. Mr. Marenna did not raise any of those federal issues before the Superior Court.

## II.

Respondent urges this Court to dismiss Mr. Marenna's Amended Petition for failure to exhaust available state court remedies. If Mr. Marenna had already been convicted – he has not – a federal statute would require him to exhaust all available state court remedies before filing a petition for a writ of habeas corpus in this Court. *See* 28 U.S.C. § 2254(b)(1); *see, e.g.*, *Richardson v. Superintendant of Mid-Orange Corr. Facility*, 621 F.3d 196, 200-01 (2d Cir. 2010). Under that statute, a petitioner must fairly present all of his federal law claims to the highest state court from which a decision can be had before seeking federal court relief. *See Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005). The Second Circuit explained the purposes of that requirement in *Daye v. Attorney General of the State of New York*, 696 F.2d 186 (2d Cir. 1982):

> The exhaustion requirement springs primarily from considerations of comity. The writ of habeas corpus is designed to provide an efficacious remedy for imprisonment in violation of federal law. The exhaustion doctrine recognizes that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants. The requirement that federal courts not exercise habeas review of a state conviction unless the state courts have an opportunity to consider and correct any violation of federal law expresses respect for our dual judicial system and concern for harmonious relations between the two

adjudicatory institutions. In addition to minimizing friction between our federal and state systems of justice, adherence to the exhaustion requirement has the salutary practical effects of enhancing the familiarity of state courts with federal doctrines, and of increasing the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious.

*Id*. at 191 (citations and quotation marks omitted).

Because Mr. Marenna is being held in state custody prior to a conviction, and therefore seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 rather than § 2254, the strict statutory exhaustion requirement does not apply. Nevertheless, a judicially-created exhaustion doctrine long predates the enactment of § 2254(b). *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) ("The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'"). Indeed, he 1886 Supreme Court decision which commentators identify as having creating the exhaustion doctrine involved a challenge to pre-conviction, not post-conviction, detention. *See* Randy Hertz & James S. Liebman, 2 *Federal Habeas Practice and Procedure* § 23.1, at 1049 (5th ed. 2001) (citing *Ex parte Royall*, 117 U.S. 241, 252-53 (1886)).

Federal courts generally require exhaustion of available state remedies in pre-conviction habeas cases as a matter of comity and judicial restraint, even though there is no strict requirement that they do so. *See Braden*, 410 U.S. at 491 (concluding, in a case involving a state prisoner who argued that his long pre-trial detention violated the Speedy Trial Clause of the Fifth Amendment, that "[t]he fundamental interests underlying the exhaustion doctrine ha[d] been fully satisfied" because the petitioner "presented his federal constitutional claim of a present denial of a speedy trial to the courts of Kentucky"); *Carden v. State of Montana*, 626 F.2d 82, 82 (9th Cir. 1980) ("As an exercise of judicial restraint . . . federal courts elect not to entertain

5

habeas corpus challenges to state court proceedings unless habeas petitioners have exhausted state avenues for raising federal claims."). If anything, the purposes that the Second Circuit discussed in *Daye*, 686 F.2d 186, would seem to apply with even greater force when a petitioner seeks federal habeas relief before his conviction. *See* 1 Hertz & Liebman § 5.3, at 311-12 ("[T]he federal courts generally are reluctant for comity and federalism reasons to interfere with ongoing state criminal proceedings. For the same reasons, the federal courts scrupulously enforce the requirement that state remedies for the claims raised in pretrial habeas corpus petitions be properly exhausted."); *see also Braden*, 410 U.S. at 507 (Rehnquist, J., dissenting) (noting "almost a century of decisions . . . to the effect that federal habeas corpus for state prisoners, prior to conviction, should not be granted absent truly extraordinary circumstances").

In this case, the Court agrees with Respondent that Mr. Marenna's Amended Petition should be dismissed for failure to exhaust available state remedies. Mr. Marenna does not – and indeed, cannot – contest Respondent's assertion that he failed to fairly present his federal law claims to the highest state court capable of reviewing them. Even assuming that he presented those claims to the Superior Court in the first instance and that the Superior Court merely overlooked or misunderstood his claims, Mr. Marenna elected not to appeal the Superior Court's decision to the Connecticut Appellate Court. He also never asked the Connecticut Supreme Court to review any of his federal law claims. Because Mr. Marenna did not give the Connecticut courts a fair opportunity to rule on whether his detention violated any federal law, this Court believes it is inappropriate to review any of Mr. Marenna's federal law claims at this time.[3]

---

[3] The Court is mindful that Mr. Marenna may not have been aware of the need to exhaust all of his federal claims in the Connecticut courts before filing a habeas petition in this Court. However, Mr. Marenna would likely have become aware of that need if he had accepted the assistance of court-appointed counsel. The Superior Court informed Mr. Marenna that Connecticut law entitled him to such assistance in his state habeas action, and he declined such assistance. *See Marenna*, 2010 WL 2365311, at * 1.

The Court recognizes that approximately thirty-five years ago, a three-judge panel in this district decided to review a petition similar to Mr. Marenna's on the merits, despite the petitioner's failure to exhaust available state court remedies. *See DeGenna v. Grasso*, 413 F. Supp. 427, 432 n.2 (D. Conn. 1976). [4] But the decision in *DeGenna* – which this Court in any case is not obliged to follow – does not stand for a broad proposition that a petitioner challenging the lawfulness of a detention pursuant to an extradition warrant need not exhaust available state court remedies. In *DeGenna*, the three-judge panel declined to require exhaustion because the petitioner's counsel represented that the petitioner did not have any right to file a habeas petition in state court. *See id.* Although the three-judge panel did not necessarily agree with that representation, it did agree that the Connecticut law regarding whether state habeas review was available to the petitioner under the particular circumstances of the case was "underdeveloped." *Id.* The panel thus agreed with the petitioner that under the circumstance, requiring exhaustion "would . . . risk extensive delay in resolving [the petitioner's] constitutional claims." *Id.*

In this case, there can be no doubt that state habeas review was available to Mr. Marenna. Indeed, although he failed to present any federal law claims in state court, he actually filed a habeas petition in state court. He even received a hearing on his state habeas petition – though he now dismisses it as a "pretend[]" hearing. Am. Pet. [doc. # 9] at 2. Unlike Mr. DeGenna, who may not have been able to file a state habeas petition at all, *see DeGenna*, 413 F. Supp. at 432 n.2, Mr. Marenna could have avoided "excessive delay" in resolving his federal statutory and

---

[4] The three-judge panel in *DeGenna* also rejected the respondents' argument that it should abstain from deciding the case under *Younger v. Harris*, 401 U.S. 37 (1971), and Mr. Marenna has devoted a substantial portion of his Memorandum in Opposition to the pending Motion to Dismiss to quoting the *DeGenna* panel's reasoning regarding *Younger* abstention. *See* Pet'r's Mem. in Opp. [doc. # 28] at 4-6 (quoting *DeGenna*, 413 F. Supp. at 430-32). Respondent does not rely on a *Younger* abstention argument, and this Court need not consider that issue.

constitutional claims by presenting them to the Connecticut Superior Court in the first instance, but he elected not to do so.

Finally, although there are no Second Circuit cases directly on point, the Court believes that the Second Circuit's decision in *Strachan v. Colon*, 941 F.2d at 128, lends support to its decision to dismiss Mr. Marenna's Amended Petition without prejudice. *Strachan* is the only case this Court is aware of in which the Second Circuit has reviewed the question whether a petitioner's pre-trial detention under an extradition warrant violated federal law. *See id.* at 129. The Second Circuit reviewed the petitioner's claim in that case on the merits, and ultimately affirmed the district court's denial of the petition on the merits. *See id.* at 132. However, the Court specifically noted in its discussion of the procedural background of the case that the petitioner had exhausted all available state court remedies:

> Strachan was arraigned in the New York Supreme Court on April 16 and immediately filed a petition for a writ of habeas corpus seeking his release. The state trial court's dismissal of the petition was affirmed by the Appellate Division, First Department and by the New York Court of Appeals. Petitioner then filed the instant petition for habeas relief in the United States District Court for the Southern District of New York . . . .

*Id.* at 129. Mr. Marenna failed to follow the same steps before filing his Petition in this Court.

### III.

In sum, the Court concludes that Mr. Marenna has not exhausted available state court remedies. Because Mr. Marenna has not yet exhausted available state court remedies, the Court declines to reach the merits of his various federal law claims. Respondent's Motion to Dismiss [doc. # 18] is therefore GRANTED, and Mr. Marenna's Amended Petition [doc. # 9] is DISMISSED without prejudice.

Because reasonable jurists would not find it debatable that Mr. Marenna failed to exhaust available state court remedies, nor that his failure to do so is a permissible ground for dismissing

his § 2241 petition without prejudice, the Court declines to issue a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). **The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/      Mark. R. Kravitz      
United States District Judge

**Dated at New Haven, Connecticut: February 2, 2011.**